NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 06-212-KKC

KEVIN K. THOMPSON                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

J. GRONDOLSKY                                                       RESPONDENT

     Kevin K. Thompson ("Thompson"), an inmate incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has submitted a petition for *habeas corpus* pursuant to 28 U.S.C. §2241 [Record No. 1] and has paid the filing fee [Record No. 1]. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

     Thompson was convicted by a jury on December 23, 1996, of conspiracy to possess methamphetamine with intent to distribute and attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §846. On April 7, 1997, the district court sentenced Thompson to a term of incarceration of thirty years to life and ordered him to pay a fine of $25,000, payable immediately. The Sixth Circuit affirmed his conviction on appeal on September 24, 1999.

The district court subsequently denied Thompson's motion to vacate his conviction and sentence under Section 2255 on April 18, 2002, a determination affirmed by the Sixth Circuit on March 29, 2004. *U.S. v. Thompson*, 96-CR-17, Western District of Kentucky [Record Nos. 78, 104, 175, 241, 292 therein].

Shortly after his sentencing, on May 27, 1997, the United States seized $3,007.01 from Thompson's bank account and applied that amount to his fine. Thereafter, Thompson was enrolled in the BOP's Inmate Financial Responsibility Program ("IFRP") six months after he commenced his term of incarceration. Financial records submitted by Thompson indicate that under the IFRP he made quarterly, and then monthly, payments on his fine. Those records further show that on February 11, 2002, a lump-sum payment of $26,505.69 was made on his fine by an unidentified outside source. That payment was sufficient to satisfy not only the remainder of the initial $25,000 court-ordered fine, but also $5,737.70 in penalties assessed against Thompson by the Department of Justice pursuant to 18 U.S.C. §3612(g). That section permits the imposition of a 10% penalty for fines that are delinquent and an additional 15% penalty for fines that are in default.

On February 25, 2002, Thompson sent a letter to Wendy Parel of the Financial Litigation Division of the United States Attorneys Office for the Western District of Kentucky requesting a copy of the records showing the payments received on and penalties assessed to his court-ordered fine. Ms. Parel provided those records with her letter of April 23, 2002, and referenced page five of the Order of Judgment and Conviction ("J&C") as authority for the imposition of the penalties for delinquency and default. Page five of the J&C states, in pertinent part:

> The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part 8 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

Page five of the J&C does expressly state that:

☒ **The interest requirement is waived.**

However,  no box on the J&C can be checked to waive penalties for default and/or delinquency.

Thompson alleges that he did not question the imposition of penalties on his fine until June 2005, when he discovered a May 29, 1998 letter from United States Attorneys Office which indicated that no penalties were owing at that time.  Thompson then filed an informal grievance on a Form BP-8½ on July 5, 2005.  In that grievance, Thompson requested written confirmation of his prior conversations with prison staff to the effect that their reading of pages 5 and 7 of the J&C indicated a waiver of interest and penalties.  In his response, the responding staff member indicated that "After reviewing page 5 of 7 of the J&C It appears to be self-explanatory that interest and penalties are waived."  Thompson filed a similar grievance form on February 2, 2006, requesting confirmation that staff at FCI-Manchester interpreted page 5 of the J&C as including a waiver of the obligation to pay not only interest, but penalties as well.  The response dated February 3, 2006, confirmed that understanding.  In his petition, Thompson asserts that the Department of Justice ("D.O.J.") has violated his due process rights under the Fifth Amendment because 18 U.S.C. §3612(d), (e) state that the D.O.J. "shall" provide him with ten working days' advance notice that he was delinquent under 18 U.S.C. §3572(h) and/or in default under 18 U.S.C. §3572(i) before penalties can be imposed, notice which he alleges he was not given.

In a Deficiency Order dated May 25, 2006 [Record No. 2], this Court directed Thompson to submit documentation into the record demonstrating exhaustion of his administrative remedies on this issue.  Thompson has completed the supplied Form 118 [Record No. 3] and filed a further response [Record No. 4] on this issue.  Collectively, Thompson's responses indicate that because

the BOP is in agreement with his position based upon the two responses he has received to his informal grievance forms, he has satisfied the exhaustion requirements because his grievance is with the Department of Justice's determination that penalties were properly imposed.

While it appears that Thompson's arguments are made in good faith, they must fail. First, it is the BOP, not the D.O.J. or the United States Attorneys Office, that is exclusively responsible for the manner in which his sentence is carried out. Specifically, it is the BOP's responsibility to ensure that the amounts collected from Thompson under the IFRP are correct.[1] If there is an error, it is BOP's responsibility to correct it, and thus filing a grievance with the BOP is the proper avenue to invoke the administrative remedy process. Further, the grievances filed by Thompson challenged, albeit obliquely, whether the J&C waived the imposition of penalties, a claim quite distinct from that which he asserts here, to wit, that the failure to provide him notice of delinquency and/or default violated his due process rights.

The BOP grievance process Thompson must invoke and complete is set forth at 28 C.F.R. §§542.10-.19. Before filing a formal grievance, the prisoner must give the prison staff the chance to correct the problem themselves by presenting his complaint informally by submitting a Form BP 8½. 28 C.F.R. §542.13(a). If this fails to resolve the issue, the prisoner initiates the formal grievance process by filing a Form BP-9, a formal written request to the Warden, within twenty (20) days of the event grieved. 28 C.F.R. §542.14(a). The Warden must decide the grievance within

---

[1]   See BOP Program Statement 2011.06: "5. OVERSIGHT RESPONSIBILITY. The Chief, Accounting Operations Section, Finance Branch, has oversight responsibility for IFRP payments and is responsible for ensuring that the IFRP data transmitted to outside components is accurate and timely. If errors are detected in the data or OPAC amounts transmitted by the institutions, Accounting Operations staff shall contact the appropriate Regional Office staff and request corrective action. After the reconciliation process, the Accounting Operations Section transfers the funds to the appropriate component(s), authorizes SENTRY to release the IFRP data file to the appropriate component, and generates reports as appropriate. It is each institution's responsibility to ensure accuracy of data transmitted and prompt correction of any errors the Accounting Operations staff identifies."

twenty (20) calendar days.  28 C.F.R. §542.18.  If the Warden does not grant the prisoner the relief he requests, the prisoner may appeal by filing a Form BP-10 with the Regional Director within twenty (20) days of the Warden's denial.  28 C.F.R. §542.15(a).  The Regional Director must decide the appeal within thirty (30) calendar days.  28 C.F.R. §542.18.  If the Regional Director does not grant the prisoner the relief he requests, the prisoner may appeal by filing a Form BP-11 with the Office of General Counsel within thirty (30) days of the Regional Director's denial.  28 C.F.R. §542.15(a).  The Office of General Counsel must decide the appeal within forty (40) calendar days. 28 C.F.R. §542.18.  If the BOP decides at any level that the time allowed for it to respond to the grievance or appeal is not sufficient for it to make an appropriate decision, it may give itself an extension of time to respond once at each level--by twenty (20) days at the institution level, thirty (30) days at the Regional Office level, and twenty (20) days at the Office of General Counsel level. 28 C.F.R. §542.18.  If the BOP rejects a grievance or appeal at any level and does not give the prisoner the opportunity to correct the defect, the prisoner may immediately appeal the rejection to the next appellate level.  28 C.F.R. §542.17(c).  If the prisoner does not receive a response from the BOP within the time allowed (including any extensions), the prisoner may consider the absence of a response to be a denial at that level.  28 C.F.R. §542.18.

Because a petitioner must exhaust his available administrative remedies before filing a petition for habeas corpus under Section 2241, *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001), *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981), something the Court concludes Thompson has failed to properly do here, his petition must be dismissed without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

5

(1)     The §2241 petition for habeas corpus [Record No. 1] is **DENIED** and this action is

**DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and

Order in favor of the respondent.

Dated this 12th day of July, 2006.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**

6